UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE:

JUAN GONZALEZ & CAROLINA GONZALEZ,

    Debtors.
_____/

CASE NO. 18-11977-BKC-RAM
In proceeding in Chapter 13
MIAMI-DADE DIVISION

DR. MARIA GABRIELA NOGUERA,
DR. CARLOS RODRIGO MATUS MACNIVEN,
and GAVIOTA ENTERPRISE CORPORATION,

    Plaintiffs,
v.

JUAN A. GONZALEZ and CAROLINA
GONZALEZ,

    Defendants.
_____/

ADV. CASE NO. 21-01140-RAM

### **DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO MOTIONS TO DISMISS**

    COMES NOW, JUAN A. GONZALEZ and CAROLINA GONZALEZ, the Defendants/Debtors herein, and hereby file this Reply to Plaintiff's' Response to Motions to Dismiss, and state as grounds the following:

    1. On April 26, 2021, Plaintiffs filed an Adversary Complaint against the Defendants/Debtors.

    2. On May 27, 2021, the Defendants/Debtors filed Motions to Dismiss the Complaint.

    3. The Plaintiffs have three (3) initial issues:

        a. Establish that they are creditors and then whether the conduct of the Debtors is subject to an adversary. This adversary is premature. It still needs to be established that the Plaintiffs are even creditors. This is quite problematic as the actions have taken place outside the United States. For reasons known by the Plaintiffs, they opted to ensure that the government of the United States would not have any jurisdiction over the investments. The investments appear to be outside the United States. On information and belief, the Plaintiffs reside in Venezuela. Juan A.

Gonzalez was an agent, not an owner of any investment company. If in fact the Debtor, Juan A. Gonzalez may be subject to the present adversary, the investment company certainly should be a necessary and indispensable party as the Plaintiffs want a return of their investment allegedly held by this entity. It seems logical that the entity that received the investment should be a Defendant. It is not lost on the undersigned that this is problematic as this Court may not have jurisdiction over this business entity. The business entity Intertrust, is not based in the United States. It is located in Brazil. Its website references the British Virgin Islands. It may likely be necessary for the Plaintiffs to establish their claim in a court that has jurisdiction. Subsequently, any judgment would need to be domesticated. This potentially is problematic: would the foreign court recognize this Court? Normally, chapter 13 cases do not have these issues.

       b. What law to apply? If the Plaintiffs resided in Venezuela, and the entity that made the investments is not located in the United States, the Laws of Venezuela, Brazil, or the British Virgin Islands would apply. It is uncertain whether this Court has authority to even determine jurisdiction or any adjudication. This Court could have jurisdiction if there is a judgment, and then whether this Court, or the State of Florida, acknowledges any adjudication. Issues:

          1. This is subject to foreign law and the liability under that law;

          2. If the Plaintiffs are creditors, what would be the claim and if there is a claim, it is likely that the claim would be based on foreign law, and **is it** subject to the US Bankruptcy Code, and the jurisdiction of the United States. The issue becomes one of recognition of a foreign cause of action and possibly a subsequent foreign judgment.

       c. The issue may also be if there is an adjudication in a foreign country, the Plaintiff would need to domesticate the claim. Would this court or a state court even agree to domesticate this claim.

    2. It has been alleged that Mrs. Gonzalez aided and abetted her husband. There are no facts substantiating the allegation. The allegations are made solely against Mr. Gonzalez.

    3. Paragraph 3 of the Response (D.E. 15) references the failure to notice the

Plaintiffs of the bankruptcy filing. A bankruptcy lists creditors; the Debtors contend that the Plaintiffs are not creditors.

4. Paragraph 9 references the Debtors' request for dismissal on the ground that any possible and disputed claim is barred by the Statute of Limitations. Paragraph 10 of the Response states that there were post petition procurement of monies. The Plaintiffs' should attempt to establish their rights in a court of proper jurisdiction. In the event there is an adjudication, the Plaintiffs could advise the U.S. Bankruptcy Court of the determination and whether the US Bankruptcy Court has any right to enforce a foreign judgment. This suggestion will also resolve whether the Plaintiffs are possible creditors.

I hereby certify that a true copy of the foregoing has been sent electronically on the 2nd day of July, 2021 to: Jeffrey Berlowitz, Esquire, Attorney for Plaintiffs; Nancy Neidich, Trustee and Office of the U.S. Trustee and that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court as set forth in Local Rule 2090-1(A).

    Bigge & Rodriguez, P.A.
    915 Middle River Drive, #401
    Ft. Lauderdale FL 33304
    brpa@biggerodriguez.com
    954-400-7322/fax 954-400-5449

    By: /s/Robert J. Bigge, Jr.
        ROBERT J. BIGGE, JR., Esq.
        Florida Bar No. 906610