

**ORDERED in the Southern District of Florida on July 7, 2021.**

                                       **Robert A. Mark, Judge**
                                       **United States Bankruptcy Court**

_____

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| In re:<br><br>JUAN A. GONZALEZ and<br>CAROLINA GONZALEZ,<br><br>        Debtors.<br>_____<br><br>DR. MARIA GABRIELA NOGUERA,<br>et al.,<br><br>        Plaintiffs,<br><br>vs.<br><br>JUAN A. GONZALEZ and<br>CAROLINA GONZALEZ,<br><br>        Defendants.<br>_____ | CASE NO. 18-11977-RAM<br>CHAPTER 13<br><br><br><br><br><br><br><br><br><br><br><br>ADV. NO. 21-01140-RAM |

**ORDER (1) GRANTING CAROLINA
GONZALEZ'S MOTION TO DISMISS; AND
(2) DENYING JUAN GONZALEZ'S MOTION TO DISMISS**

The Court conducted a hearing on July 6, 2021, on Defendant, Carolina Gonzalez's Motion to Dismiss [DE# 10] and on Juan A. Gonzalez's Motion to Dismiss [DE# 11] (collectively, the "Motions to Dismiss"). After review of the record, including the Motions to Dismiss, Plaintiffs' Response to Defendants' Motions to Dismiss [DE# 15], and Defendants' Reply to Plaintiffs' Response [DE# 17], after considering the arguments of counsel, and upon review of applicable law, the Court announced its conclusions of law on the record.

The Court concludes that the Complaint does not state a claim against Carolina Gonzalez. The two paragraphs in the Complaint referring to Mrs. Gonzalez do not allege facts establishing a plausible against her for aiding and abetting the fraud allegedly perpetrated by Mr. Gonzalez.

The Complaint does state a claim in all five counts against Juan Gonzalez and none of the arguments raised in Juan Gonzalez's Motion to Dismiss support dismissal. First, the Plaintiffs are "creditors" entitled to seek a determination that their claims should be excepted from discharge. Second, the alleged fraud and other bad acts were committed at least, in part, in Florida and this Court clearly has jurisdiction. Finally, the Court finds that the Complaint should not be dismissed as barred by the applicable statute of limitations.

Whether the fraud claims are barred by the applicable statute of limitations is a factual issue. Florida Stat. § 95.11(3) provides

a four-year limitation for fraud actions. However, pursuant to Fla. Stat. § 95.031(2), the four-year period runs "from the time the facts giving rise to the cause of action were discovered or could have been discovered with the exercise of due diligence." The Complaint alleges that the facts giving rise to the claims filed in this proceeding were only recently discovered.

Fla. Stat. § 95.031(2) also provides that, regardless of the date the fraud was discovered, "an action for fraud under § 95.11(3) must be begun within 12 years after the date of the commission of the alleged fraud." This 12-year statutory bar may preclude the Plaintiffs from recovering damages for some of the fraudulent acts alleged in the Complaint, but the Complaint contains numerous allegations of fraud that are clearly within the applicable 12-year period.[1]

For these reasons, and the additional reasons stated at the conclusion of the hearing, which are incorporated here by reference, it is -

**ORDERED** as follows:

1.   Carolina Gonzalez's Motion to Dismiss is granted and the Complaint against her is dismissed with prejudice.

2.   Juan Gonzalez's Motion to Dismiss is denied.

---

[1] Although not briefed by the parties, the Court's preliminary view is that the 12-year look-back would run from the February 22, 2018 filing date of the Defendants' bankruptcy petition by virtue of 11 U.S.C. § 108(c).

3. By July 27, 2021, Juan Gonzalez shall file his Answer and Affirmative Defenses, which may include an affirmative defense that the claims are barred by the applicable statute of limitations.

###

COPIES FURNISHED TO:

Robert J. Bigge, Jr., Esq.
Jeffrey S. Berlowitz, Esq.