UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE:

JUAN GONZALEZ & CAROLINA GONZALEZ,

      Debtors.

_____/

DR. MARIA GABRIELA NOGUERA,
DR. CARLOS RODRIGO MATUS MACNIVEN,
and GAVIOTA ENTERPRISE CORPORATION,

      Plaintiffs,

v.

JUAN A. GONZALEZ,

      Defendant.

_____/

CASE NO. 18-11977-BKC-RAM
In proceeding in Chapter 13
MIAMI-DADE DIVISION

ADV. CASE NO. 21-01140-RAM

**ANSWER TO ADVERSARY COMPLAINT FILED BY DEFENDANT,
JUAN A. GONZALEZ**

      JUAN A. GONZALEZ, the Defendant herein, hereby files this Answer and Affirmative Defenses to the Adversary Complaint, and states as grounds the following:

      1.  Mr. and Mrs. Gonzalez filed the instant bankruptcy, case number 18-11977-BKC-RAM, on February 22, 2018, "the bankruptcy".   Paragraph 6 is denied to the extent of the date.

      2.  The Defendant is without knowledge as to paragraph 1.

      3.  The Defendant denies paragraphs 2 and 3.

      4.  The Defendant admits paragraph 4 only to the extent that  the Plaintiffs are Venezuelan citizens. The Defendant denies that the Plaintiffs are creditors.

      5.  The Defendant admits paragraph 5, 7, 8 10, 11, 12 and 13.  As to the dates of filing, Defendant had to verify with undersigned counsel.

      6.  The Defendant admits paragraph 9 to the extent that the Plaintiffs were not noticed of the filing of the bankruptcy.

      7.   The Defendant denies paragraphs 14 and 15.

      8.  The Defendant denies paragraph 16 as he does not believe the Plaintiffs are

creditors.

9.  The Defendant responds to paragraph 17:

a. The Defendant admits that the Plaintiffs are Venezuelan citizens and there are two (2) children of the marriage  The Defendant does not have personal knowledge as to whether they are "hard workers".

b.  The Defendant denies the balance of paragraph 17 as he did not swindle the Plaintiffs and did not make untruthful statements, or lie about investments or distributions.

10.  The Defendant denies paragraph 18.  He did not  represent himself as a Venezuelan lawyer and economist.   The Defendant has no personal knowledge and denies the balance of paragraph 18.

11.  The Defendant denies paragraph 19 and demands strict proof.

12.  The Defendant denies paragraphs 20, 23, 24, 28, 29, 30, 36, 41, 42, 44, 45, 50, 52, 53, 56, 57, 58, 61, 62, 63, 64, 69, 71, 72, 73, 74, 75, 77, 80, 85, 91, 92, 95, 96, 97, 98, 99, 100, 101, 102, 109, 110, 111, 112, 113, 114, 118, 119, 120, 121, 122, 123 124, 127, 128, 129, 130, 131, 132, 133, 136, 137, 138, 139, 140, 145, 146, 147, 148, 149, and 150 and requests strict proof.

13.  The Defendant admits paragraph 21 to the extent Plaintiffs decided to invest in financial products and acknowledge terms and conditions.  The balance is denied as the Plaintiffs decided on the financial products.

14.  The Defendant admits paragraph 22 to the extent that the Plaintiffs sign the subscription agreement, but deny the rest.

15.  The Defendant denies paragraph 25 as the documents were provided by the Internal Revenue Service.

16.  The Defendant admits paragraph 26 to the extent that he attended a meeting in Caracas Venezuela.  The balance is denied.

17.  The Defendant admits paragraph 27 to the extent that he attended a meeting in Caracas Venezuela.  The balance is denied.

18.  The Defendant denies paragraph 31 as all monies were paid to third parties under the direction of the Plaintiffs.

19.  The Defendant denies paragraphs 32 and 33 as the Plaintiffs were merely

assisted in the payment of third parties for mailing reception and corporate addresses.

20.  The Defendant denies paragraph 34 and 35 as the Defendant is without knowledge.

21.  The Defendant denies paragraph 37 as fees were paid to third parties only for mail services and corporate addresses. Plaintiffs have the receipts.

22.  The Defendant admits paragraph 38 to the extent of periodic meetings in Venezuela.  The balance is denied.

23.  The Defendant admits paragraph 39 as he gave reports provided by Intertrust office in Caracas, Venezuela, but denies that he deceived the Plaintiffs and that he fabricated the reports

24.  The Defendant denies paragraph 40; it is admitted to the extent account statements were issued by Merrimac Corporate Securities and mailed directly to the Plaintiffs.

25.  The Defendant admits paragraph 43 to the existence of emails and WhatsApp texts.  The Defendant denies the veracity of the content.

26.  The Defendant admits paragraph 46.

27.  The Defendant admits paragraph 47 to the extent there was a meeting in a restaurant and denies that he had an apartment at the Ritz Carlton.

28.  The Defendant admits paragraphs 48, and 51 to the extent there was a meeting, and denies the balance of paragraphs 48 and 51.

29.  The Defendant admits paragraph 49 to the extent that the Plaintiffs ask for help again to find a third party provider, monies paid to a third party provider for mail reception and corporate address that the Plaintiffs did not pay for several years.  The Defendant denies utilizing his company to carry out a fraud.

30.  The Defendant denies paragraph 54 as it was the responsibility of the Plaintiffs to keep a company in "good standing".

31. The Defendant denies paragraph 55 to the extent of any representation of a "Ponzi scheme".

32. The Defendant denies paragraph 59 as representations/descriptions include terms and conditions signed by the Plaintiffs, as well as acknowledgment of disclaimers agreed by the Plaintiffs for more than fifteen (15) years.

33. The Defendant denies paragraph 60 as the Plaintiffs decided their investment strategies.

34. The Defendant denies paragraph 65 as the Plaintiffs had full knowledge.

35. The Defendant denies paragraph 66 as he is without knowledge.

36. The Defendant denies paragraph 67 as due diligence was provided by Intertrust.

37. The Defendant admits the Plaintiff filled out the due diligence forms, and denies the balance of paragraph 68.

39. The Defendant admits due diligence was provided by Intertrust, and denies the balance of paragraph 70.

40. The Defendant denies paragraph 76 as he is without knowledge.

41. The Defendant denies paragraph 78; it is admitted for limited representation of providing company names.

42.  The Defendant denies paragraph 79 as to the Plaintiffs issuing checks and wire transfers to Mr. Gonzalez and his entities:  a, b, c, d, e, f, g, h, i, j, k, l, m, n, o, p. The Defendant admits that q, r, s, t. were to pay third parties service providers for mail reception and forwarding and corporate address, plaintiffs received third parties receipts.

43.  The Defendant admits paragraphs 81 and 82 to the extent monies were deposited, and used to pay third party service providers for mail reception, forwarding, corporate addresses.

44.  The Defendant denies paragraph 83 to the extent that the Defendant did not defraud the Plaintiffs or create a scheme to commit fraud.

45.  The Defendant denies paragraph 84 as he is without knowledge, and denies as they are not creditors.

46.  The Defendant denies paragraph 86: This is a post petition matter better served through a state court proceeding.  The Defendant did not promise or represent to the Plaintiffs that there would be a first distribution on 5/14/2020 from the Defendant. The Defendant solely admits forwarding to Plaintiffs Intertrust messages of COVID-19.

47.  The Defendant denies paragraph 87, as information was provided by Intertrust, not the Defendant.

48. The Defendant admits paragraph 88 the extent that the Defendant receives telephone calls and/or texts of more than 20 times a day, and were replied during business hours.

49. The Defendant denies paragraph 89 as Plaintiffs were directed to communicate with Intertrust.

50 The Defendant admits paragraph 90. Plaintiffs are not creditors.

51. The Defendant denies paragraph 93 as Plaintiffs were directed to call Interwealth.

52. The Defendant is without knowledge as to paragraph 94.

53. The Defendant responds to paragraph 103 by objecting to the statement.  A motion for protective order and motion to dismiss were filed.

54. The Defendant responds to paragraph 104 and denies the representations made by the Plaintiffs.

55. The Defendant answers paragraph 105:  Defendant denies any allegation of theft, tax evasion, money laundering.  Furthermore, any association with Madoff or the sister and brother- in-law are irrelevant and unnecessary.

56. The Defendant answers paragraph 106:   Denies any conditions have been met, or occurred or waived.

57. The Defendant has no knowledge of the terms/conditions of the Plaintiff's retention of their attorney. Accordingly, the Defendant is without knowledge as to paragraph 107.

58. Defendant cannot answer paragraph 108 as it merely sets forth a statute.

59. The Defendant denies paragraph 116 as the Plaintiffs are not creditors and the paragraph merely sets forth a statute, and paragraphs previously dealt with by prior responses.

60. Defendant denies paragraph 117 as it merely sets forth a statute.

61. Defendant denies paragraph 125 as the Plaintiffs are not creditors.

62. Defendant denies paragraph 126 as it merely sets forth a statute, and the Plaintiffs are not creditors.

63. Defendant denies paragraph 134 as the Plaintiffs are not creditors .

64. Defendant denies paragraph 135 as it merely sets forth a statute, and

incorporates paragraphs previously dealt with by prior responses.

65.   Defendant denies paragraph 136.

66.   Defendant denies paragraph 141, and is without knowledge as to costs and attorney fees.

67.   Defendant denies paragraph 142 as it merely sets forth a statute.

68.   Defendant denies paragraph 143 as it merely sets forth a statute, and the Plaintiffs are not creditors.

69.   Defendant denies paragraph 144 as it merely sets forth a statute.

70.   Defendant denies paragraph 151 and reiterates that the Plaintiffs are not creditors.

## AFFIRMATIVE DEFENSES

## PLAINTIFFS ARE NOT A CREDITOR

71. The Debtor did not list the plaintiffs as creditors.  There is no adjudication in any court of competent jurisdiction: the United States, Venezuela, or the British Virgin Islands against the Defendant in favor of the Plaintiffs and no determination of fact to prosecute the instant matter, merely allegations that date back over twelve years.  If there was a true dispute, the an action could have been filed against the Defendant The right to file an adversary in the instant case should be predicated upon the plaintiffs actually being creditors.   It is not the case, nor has it been established that the Plaintiffs are actually creditors.

## RIGHT TO PROSECUTE AN ADVERSARY

72.  The right to prosecute an adversary proceeding presupposes the Plaintiffs are actually creditors.   The adversary proceeding is premature.  The Plaintiffs procedurally must establish that they are actually creditors.   Only after determination that the Plaintiffs are creditors can the Plaintiffs prosecute a cause of action against the Defendant.

## FAILURE TO JOIN AN INDISPENSABLE PARTY

73.  The Plaintiffs have failed to join indispensable parties: The Defendant was an agent for investment companies, outside the United States.   The companies, as determined by the Plaintiffs, must be joined.  The Plaintiffs have asserted intentional acts by the Defendant.  The allegations repeatedly reference business entities.   The Plaintiffs must join the companies.

## POST- PETITION CAUSE OF ACTION

74. The Plaintiffs could assert its  rights in Miami-Dade County Court as the adversary alleges post filing conduct.  It would seem logical to determine whether the plaintiffs are actually creditors in a court of competent jurisdiction.   Portions of the adversary proceeding assert alleged conduct that allegedly occurred post- petition, and would be subject to jurisdictions other the United States Bankruptcy Court.

## STATUTE OF LIMITATIONS

75. Defendant alleges that any cause of action or claim is outside the statute of limitations as the majority of the transactions occurred over five years ago.  There are some transactions that may be within five years.

76. The complaint alleges that the Plaintiffs' cause of action goes back more than five years.   Some of the allegations go back over 15 years, and thus the fraud statute of limitations of 12 years would bar the cause of action.  The plaintiffs allegedly waited years; there was ample time to file a suit.

77.  Based on the foregoing, the Complaint should be dismissed.

## JURISDICTION

78.  The entities, including the Plaintiffs, reside outside the United States.  The investment companies are not based in the United States.  The Plaintiffs are seeking to

recoup an alleged loss, but this Court does not have jurisdiction over the parties in this case. The investment companies are not based in the United States. Even if the Plaintiff is able to establish themselves as creditors, the ability to collect is problematic. It would seem logical for the Plaintiffs to explore another venue that has established jurisdiction, ie. outside the United States. The investments were eventually deposited in banks in countries that do not subject themselves to US jurisdiction.

WHEREFORE, the Defendant, Juan A. Gonzalez, requests this Court to dismiss this case.

I hereby certify that a true copy of the foregoing has been sent electronically on this 27th day of July to: Jeffrey Berlowitz, Esquire, Attorney for Plaintiffs and that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court as set forth in Local Rule 2090-1(A).

Bigge & Rodriguez, P.A.
915 Middle River Drive, #401
Ft. Lauderdale FL 33304
brpa@biggerodriguez.com
954-400-7322/fax 954-400-5449

By: /s/Robert J. Bigge, Jr.
ROBERT J. BIGGE, JR., Esq.
Florida Bar No. 906610